UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
DARRELL ROTHWELL,                     :
                                      :
        Petitioner,               :     Civ. No. 14-7128 (RBK)
                                      :
   v.                                 :     **OPINION**
                                      :
WARDEN J.T. SHARTLE,                  :
                                      :
        Respondent.               :
_____   :

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fairton in Fairton, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Previously, this matter was administratively terminated as petitioner had neither paid the $5.00 filing fee nor submitted an application to proceed *in forma pauperis*. On January 7, 2015, the Court received petitioner's $5.00 filing fee. Therefore, the Clerk will be ordered to reopen this case. For the following reasons, the habeas petition will be summarily dismissed for lack of jurisdiction.

## II.    BACKGROUND

The factual and procedural background of this case was set forth in part by Judge Wigenton in *Rothwell v. United States*, No. 13-6671, 2013 WL 6049750 (D.N.J. Nov. 14, 2013):

> On April 9, 1996, the Government filed an indictment charging petitioner with three counts: Count I, conspiracy in violation of 18 U.S.C. § 371; Count II, attempted bank robbery in violation of 18 U.S.C. § 2113(a); and Count III, entering a bank with the intent to steal or rob in violation of 18 U.S.C. § 2113(a). (*USA v. Rothwell*, Docket No. 2:96-cr-00196.)

1

On November 11, 1996, a jury found Petitioner guilty of Count I and acquitted Petitioner on Counts II and III. On April 8, 1997, the sentencing court determined that Petitioner was subject to the enhanced penalty provision of 18 U.S.C. § 3559(c) ("the Three Strikes law"), and sentenced Petitioner to life imprisonment.

Petitioner filed a timely appeal. On February 4, 1998, the United States Court of Appeals for the Third Circuit affirmed the district court's judgment of conviction and sentence. *U.S. v. Rothwell*, 142 F.3d 430 (3d Cir. 1998). Petitioner applied for writ of certiorari, which the Supreme Court denied on May 18, 1998. *Rothwell v. U.S.*, 523 U.S. 1131 (1998).

On May 17, 1999, Petitioner filed a motion for collateral or habeas review pursuant to 28 U.S.C. § 2255. (*Rothwell v. USA*, Docket No. 2-99-cv-02258 (JWB).) In his motion for habeas relief, Petitioner argued: (1) that he received ineffective assistance of counsel because his attorney failed to object to the use of the predicate offense carrying the highest penalty, and his trial counsel failed to make a timely objection to the application of the Three Strikes law; and (ii) that the sentence imposed upon Petitioner pursuant to the Three Strikes law violated the Fifth Amendment to the United States Constitution and that his sentence was defective, resulting in a "complete miscarriage of justice." (*Id.* Docket # 1.)

On January 8, 2002, the Honorable John W. Bissell, U.S.D.J., dismissed all of Petitioner's claims, with the exception of Petitioner's claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which the court denied without prejudice. (*Rothwell v. USA*, Docket No. 2-99-cv-02258 (JWB) at Dkt. ## 9, 10.) Petitioner appealed from denial of his § 2255 motion, and on March 4, 2002, the Third Circuit denied his appeal. On July 1, 2004, the Supreme Court denied Petitioner's writ of certiorari. (*Id.* at Dkt. # 15.)

Thereafter, on September 26, 2005, Petitioner filed a motion under Federal Rules of Civil procedure 60(b), seeking reconsideration of the denial of his § 2255 motion. (*Id.* at Dkt. # 16.) Petitioner again argued that his trial counsel was ineffective because counsel failed to inform the District Court at sentencing about law that would have precluded application of the Three Strikes law. (*Id.*) On August 26, 2008, the Honorable Stanley R. Chesler, U.S.D.J., dismissed Petitioner's Rule 60(b) motion on the ground that it was a successive motion for relief under 28 U.S.C. § 2255, and Petitioner had not first obtained certification from the Third Circuit for the District Court to hear such a motion, as required under §

2

>2255, and Petitioner had not first obtained certification from the
>Third Circuit for the District court to hear such a motion, as
>required under § 2255(h).  (*Id.* at Dkt. # 21.)
>
>On November 5, 2008, Petitioner filed an appeal from denial of his
>Rule 60(b) motion.  (*Id.* at Dkt. # 22.)  The Third Circuit denied
>issuance of a certificate of appealability on May 21, 2009, finding
>that no reasonable jurist would debate the correctness of the
>District Court's decision to treat Petitioner's Rule 60(b) motion as
>a prohibited second or successive motion under § 2255.  (*Id.* at
>Dkt. # 27.)

*Rothwell v. United States*, No. 13-6671, 2013 WL 6049750, at *1-2 (D.N.J. Nov. 14, 2013).

Subsequently, petitioner filed a petition for writ of coram nobis and/or audita querela. That petition sought to reopen his case for resentencing on the ground that the Court was without authority to impose a mandatory life sentence under the Three Strikes Law because petitioner's offense of conspiracy to commit robbery was purportedly a non-qualifying serious violent felony under 18 U.S.C. § 3559(c)(3)(A)(1).  *See Rothwell*, 2013 WL 6049750, at *2.  Judge Wigenton ultimately determined that petitioner could not bring a coram nobis petition because he was still in custody for purposes of section 2255.  *See id.* (citing *United States v. Baptiste*, 223 F.3d 188, 189 (3d Cir. 2000)).  Additionally, Judge Wigenton noted that petitioner could not invoke audita querela as his claim was cognizable under section 2255.  *See id.*  Thus, the petition for writ of error coram nobis/audita querela was denied.  *See id.*  On April 16, 2014, the United States Court of Appeals affirmed Judge Wigenton's decision.  *See Rothwell v. United States*, 563 F. App'x 220 (3d Cir. 2014) (per curiam).

On November 14, 2014, this Court received petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner summarizes his habeas claim as follows:

>In sentencing petitioner, pursuant to the three strikes law under 18
>U.S.C. § 3559(c), the District Court relied upon, the instant offense
>as a predicate offense.  The Dist. Court relied on the proposition
>that the instant offense was a qualifying violent predicate to

3

> enhance petitioner sentence to a mandatory life sentence pursuant to the above statute, in violation of the laws of the United States/Due Process and the Dist. Court was without authority to impose the sentence.

(Dkt. No. 1 at p. 4-5.)

### III.     STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### IV.     DISCUSSION

Petitioner is challenging the sentence he received in this Court on his criminal conviction in this § 2241 action. Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a

prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle*, 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was

5

"inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id*. The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

Petitioner does not allege facts which bring him within the *Dorsainvil* exception. Petitioner does not allege in the instant habeas petition that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Instead, he claims that 2255 was inadequate or ineffective because the issue of his sentence presented in this habeas petition occurred off the record. Such an argument is insufficient for petitioner to fall within the *Dorsainvil* exception because at no time in his § 2241 petition does he allege that he was actually innocent of the crime for which he was convicted. *See, e.g.*, *United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012) (per curiam) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender.") (internal citation omitted), *cert. denied*, 133 S. Ct. 201 (2012); *Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011) (per curiam) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is "innocent" of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Robinson v. Hollingsworth*, No. 13-0101, 2013 WL 141441, at *2 (D.N.J. Jan. 11, 2013) ("Section 2255 is not inadequate or ineffective for

6

Robinson's challenge to his sentencing enhancement as a career offender, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted - possession with intent to distribute cocaine, is not non-criminal."); *Crawford v. United States*, No. 12-1545, 2012 WL 5199167, at *5 (D.N.J. Oct. 19, 2012) ("The safety valve under § 2255 does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here.").

Accordingly, petitioner fails to show that § 2255 is inadequate or ineffective to warrant bringing this § 2241 action in this Court. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, the Court does not find it in the interests of justice to transfer this habeas petition to the Third Circuit as a request to file a second or successive § 2255 motion. However, this Court's decision to not transfer this case to the Third Circuit does not prevent petitioner from seeking leave from the Third Circuit to file a second or successive § 2255 motion should he elect to do so.

## V.    CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed due to a lack of jurisdiction. An appropriate order will be entered.


DATED:   January 21, 2015

                                                      s/Robert B. Kugler
                                                      ROBERT B. KUGLER
                                                      United States District Judge