UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARRELL ROTHWELL, : | |
| : | |
| Petitioner, : | Civ. No. 14-7128 (RBK) |
| : | |
| v. : | **OPINION** |
| : | |
| WARDEN J.T. SHARTLE, : | |
| : | |
| Respondent. : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Upon screening the petition, the Court determined that it lacked jurisdiction as petitioner failed to show that § 2255 was inadequate or ineffective to challenge his federal conviction and sentence.  (*See* Dkt. No. 3.)  Accordingly, the petition was summarily dismissed due to a lack of jurisdiction on January 21, 2015.

Petitioner subsequently filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).  For the following reasons, the motion for reconsideration will be denied.

## II.   BACKGROUND

Petitioner's habeas petition challenged the federal sentence he received.  More specifically, petitioner claimed that the sentencing court relied upon the instant offense he was convicted of as a predicate offense to enhance his sentence.  In dismissing the § 2241 habeas petition for lack of jurisdiction, this Court noted that petitioner failed to show that § 2255 was inadequate or ineffective to pursue his claims as he failed to show that he had no prior

1

opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law.[1]  (*See* Dkt. No. 3 at p. 6-7.)

In his motion for reconsideration, petitioner argues that this Court erred in finding that it lacked jurisdiction to consider his § 2241 habeas petition.  Additionally, he claims that this Court has the right to review his § 2241 habeas petition pursuant to the Suspension Clause of the United States Constitution.

### III.  DISCUSSION

A.  Legal Standard for Motion for Reconsideration

Motions filed pursuant to Federal Rule of Civil Procedure 59(e) are governed by Local Civil Rule 7.1(i) which allows a party to seek reconsideration by the Court of matters which the party believes the judge has "overlooked."  *See Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted).  "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)).  To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

---

[1] Petitioner's § 2255 motion had previously been denied in 2002.

B. <u>Analysis</u>

Petitioner's motion for reconsideration will be denied. As the Court noted in its prior Opinion, a challenge to the validity of a federal conviction or sentence generally must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). As the Court noted, petitioner could bring his challenge to his federal sentence under § 2241 as opposed to § 2255 if he has no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)). Petitioner's argument that the sentencing court used his instant offense as a predicate offense to qualify him for an enhanced sentence did not fall within this exception. *Accord United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012) (per curiam) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender.") (internal citation omitted); *Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011) (per curiam) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is "innocent" of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Robinson v. Hollingsworth*, No. 13-0101, 2013 WL 141441, at *2 (D.N.J. Jan. 11, 2013) ("Section 2255 is not inadequate or ineffective for Robinson's challenge to his sentencing enhancement as a career offender, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255

motion, the conduct for which he was convicted - possession with intent to distribute cocaine, is not non-criminal."); *Crawford v. United States*, No. 12-1545, 2012 WL 5199167, at *5 (D.N.J. Oct. 19, 2012) ("The safety valve under § 2255 does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here.").

Petitioner also invokes the Suspension Clause in his motion for reconsideration. The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. CONST. art I, § 9. "It is, of course, well established that requiring a federal prisoner to pursue post-conviction relief in the trial court under § 2255, rather than in a habeas proceeding under § 2241, where that remedy is adequate and effective does not constitute a suspension of the writ." *United States v. Brooks*, 245 F.3d 291, 292 n.2 (3d Cir. 2001) (citing *United States v. Anselmi*, 207 F.2d 312, 314 (3d Cir. 1953)). Furthermore, the gatekeeping provisions that limit § 2255 motions do not violate the Suspension Clause. *See, e.g., Felker v. Turpin*, 518 U.S. 651, 664 (1996) (holding that statutory restrictions placed on filing second habeas petitions by state prisoners [which are similar to the limits on filing second or successive § 2255 motions] do not amount to a suspension of the writ); *see also McKoy v. Apker*, 156 F. App'x 494, 496 (3d Cir. 2005) (per curiam) (restrictions on successive 2255 motions do not violate the Suspension Clause); *Hunnewell v. Holt*, No. 05-2521, 2006 WL 1000056, at *4 (M.D. Pa. Apr. 13, 2006) (same). Accordingly, the motion for reconsideration will be denied as petitioner does not show: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café*, 176 F.3d at 677.

## IV. CONCLUSION

For the foregoing reasons, petitioner's motion for reconsideration will be denied. An appropriate order will be entered.


DATED: February 20, 2015

                                               s/Robert B. Kugler  
                                               ROBERT B. KUGLER  
                                               United States District Judge